UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DOROTHY DAWNE LONGSWORTH,
Petitioner,
v.
PAM BONDI, et al.,
Respondents.

Case No. 5:26-cv-06326-SRM-JDE

**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS [1]**

**A# 093372015**

Before the Court is *pro se* Petitioner Dorothy Dawne Longsworth's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). Dkt. 1. Respondents Pam Bondi, Markwayne Mullin, Cheryl M. Davies, and Warden Adelanto ICE Processing Center (collectively, "Respondents") did not file an Answer. Having reviewed the Parties' submissions, relevant legal authority, and the record in this case, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. Dkt. 1.

## I. BACKGROUND

On May 28, 2026, Petitioner filed her first Petition for Writ of Habeas Corpus. *See Dorothy Dawne Longsworth v. Warden Adelanto ICE Processing Center*, et al., No. 5:26-cv-02926-JDE, Dkt. 1 (C.D. Cal. May 28, 2026). Petitioner alleged her May 5, 2026 detention without prior notice violated the Due Process Clause. *Id.* The Court granted her first petition in part, finding that Petitioner is subject to 8 U.S.C. § 1226(a) as a member of

the Bond Eligible Class certified in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *See Dorothy Dawne Longsworth v. Warden Adelanto ICE Processing Center*, et al., No. 5:26-cv-02926-JDE, Dkt. 13 (C.D. Cal. June 16, 2026). The Court therefore ordered an individualized bond hearing before an immigration judge. *Id.* On June 23, 2026, Petitioner was provided a bond hearing but was denied bond based on a criminal record in Belize. *See Dorothy Dawne Longsworth v. Warden Adelanto ICE Processing Center*, et al., No. 5:26-cv-02926-JDE, Dkt. 15-1 (C.D. Cal. June 24, 2026). Accordingly, Petitioner has remained in detention. Dkt. 1.

On August 31, 2026, Petitioner filed an I-360 Petition for Amerasian, Widow(er), or Special Immigration ("I-360 Petition") based on her status under the Violence Against Women Act ("VAWA"). *See* Dkt. 1 at 5. The U.S. Citizenship and Immigration Services ("USCIS") thus granted Petitioner deferred action status as the I-360 Petition remains pending under the USCIS. *Id.* Petitioner now brings this Petition requesting immediate release, alleging her detention by immigration authorities violates the Due Process Clause, the Administrative Procedure Act, and the *Accardi* Doctrine.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). It functions to challenge and secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus if the petitioner meets their burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Freedom from detention is "the most elemental of liberty interests" yet the Respondents have presented no defense or explanation for its actions. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). On three occasions, the Court ordered Respondents to file an Answer. *See* Dkt. 4; 6; 7. The Court further instructed Respondents that failure to file an

Answer may be deemed consent to the granting of the Petition. *See* Dkt. 7. However, Respondents failed to file an Answer. Accordingly, the Court finds that Petitioner's due process rights were violated and is thus entitled to immediate release from custody.[1] *See* C.D. Cal. L.R. 7-12.

## IV. CONCLUSION

For the reasons above, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**. The Court **ORDERS** as follows:

1) The Court **VACATES** the referral to Magistrate Judge John D. Early, Dkt. 3;
2) Respondents shall **IMMEDIATELY RELEASE** Petitioner (A# 093372015) from custody and return any of her personal belongings to her, and shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing;
3) Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing the Petitioner;
4) Respondents may not re-detain Petitioner during the pendency of these proceedings without, at a minimum, an individualized notice describing the change in circumstances necessitating her arrest and detention, and a pre-deprivation hearing before an immigration judge. If Petitioner is again placed in detention in this District following the proceedings complying with this Order, Respondents shall not transfer or remove Petitioner from this District unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED.**

Dated: November 6, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not reach the issues of the Administrative Procedure Act or the *Accardi* Doctrine because the violation of Petitioner's due process rights entitles her to immediate release from custody.